**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| NAJIBULLAH KHAIRUDDIN SHAMSUDDIN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FOLKSTON ICE PROCESSING CENTER,<br><br>Respondent. | CIVIL ACTION NO.: 5:26-cv-30 |

## REPORT AND RECOMMENDATION

Petitioner Najibullah Khairuddin Shamsuddin ("Shamsuddin"), who is detained at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Doc. 1. Respondent filed an Answer-Response and later a Motion to Dismiss. Docs. 3, 4. For the following reasons, I **RECOMMEND** the Court **DENY as moot** Respondent's Motion to Dismiss and **DISMISS without prejudice** Shamsuddin's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Shamsuddin leave to appeal *in forma pauperis*.

## BACKGROUND

Shamsuddin contends that ICE has detained him since June 2024, even though he could not be removed in the reasonably foreseeable future. Doc. 1 at 10. Shamsuddin also states that Respondent has failed to provide adequate medical care. Id. at 2. Shamsuddin seeks his release from custody. Id. at 11.

On January 27, 2026, Respondent filed an Answer-Response, and on February 17, 2026, Respondent filed a Motion to Dismiss. Docs. 3, 4. In the Answer-Response, Respondent states that Shamsuddin is being lawfully detained under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) because he is an "arriving alien" who applied for admission to the United States without valid documentation that would allow his entry into the United States. Doc. 3 at 3–4. In the Motion to Dismiss, Respondent asserts that Shamsuddin filed his Petition when he was being detained under § 1225(b)(1) and that Shamsuddin has failed to establish a Zadvydas claim. Id. at 5–9 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)).

Shamsuddin filed a Response to the Motion to Dismiss in which he states that he became subject to an order of removal under 8 U.S.C. § 1231(a) on February 18, 2026. Doc. 13. Shamsuddin argues that his detention is not related to foreseeable removal and that his detention violates the Due Process Clause even before the end of the presumptively reasonable period recognized in Zadvydas. Id. at 4 (citing Zadvydas, 533 U.S. at 690).

## DISCUSSION

### I. Shamsuddin's Petition Is Not Justiciable

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).

Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or

to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). "In such a circumstance, 'dismissal is required because mootness is jurisdictional.'" United States v. Hilario-Cana, 779 F. App'x 700, 700 (11th Cir. 2019) (quoting Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002)). A "'mootness issue quite clearly can be raised sua sponte[.]'" Llanes v. Johns, No. 5:19-cv-69, 2020 WL 4210512, at *2 (S.D. Ga. June 30, 2020) (quoting Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997); in turn quoting Medberry v. Crosby, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003))), adopted by, 2020 WL 4208237 (S.D. Ga. July 22, 2020).

Regarding the ripeness strand, "[a]s part of the case or controversy requirement, a party must come into immediate danger of suffering injury before a court may consider his claim." United States v. Zinn, 321 F.3d 1084, 1088 (11th Cir. 2003). "Ripeness 'prevent[s] the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" Id. (quoting Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). A claim is not ripe for review if it "rests upon contingent future events that may not occur as anticipated[] or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (quotations omitted). The Court may address ripeness sua sponte. Church of Scientology of Ga., Inc. v. City of Sandy Springs, 843 F. Supp. 2d 1328, 1349 (N.D. Ga. 2012) (citing Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573–74 (11th Cir. 1989), and Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1224 (11th Cir. 2004)).

Shamsuddin's circumstances have changed in a material way since he filed his Petition. The change in circumstances requires that the Court address justiciability sua sponte. The parties agree that Shamsuddin was in § 1225(b)(1) custody when he filed his Petition and when Respondent filed the Motion to Dismiss. Doc. 4 at 5; Doc. 13 at 2. However, Shamsuddin is now subject to a final order of removal, and, therefore, he is now being detained under § 1231(a).[1] See Johnson v. Chavez, 594 U.S. 523, 544 (2021) ("[Section] 1231 explains what to do if the alien is ordered removed.").

Shamsuddin initially challenged his detention under § 1225(b)(1), but those claims are now moot. Once Shamsuddin became subject to a final order of removal, the legal authority under which he is being detained changed. Thus, claims related to Shamsuddin's detention based on § 1225(b)(1) do not present a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216.

To the extent Shamsuddin challenging the propriety of his detention under § 1231(a), his claim is due to be dismissed because his Petition was premature when he filed it. To state a claim under § 1231(a), a petitioner must show post-removal order detention greater than six months at the time the petition was filed. Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002); see also Ramos-Alvarez v. U.S. Immigr. & Customs Enf't, No. 3:25-cv-1038, 2025 WL 2591830, at *1 (M.D. Fla. Sep. 8, 2025) (dismissing without prejudice a claim under § 1231(a) as unripe when the petitioner filed it before the end of the presumptively reasonable six-month

[1] A search using Shamsuddin's A-Number in the online portal reveals that Shamsuddin did not appeal his removal order before the time to do so expired. https://acis.eoir.justice.gov/en/caseInformation (last accessed Aug. 17, 2026). As Shamsuddin did not appeal, the immigration judge's decision is now a final removal order. See, e.g., De La Teja v. United States, 321 F.3d 1357, 1362 (11th Cir. 2003) ("On October 10, 2002, an [i]mmigration [j]udge found De La Teja removable as charged in a decision which became a final removal order when De La Teja did not appeal that decision to the Board of Immigration Appeals by November 12, 2002." (citing 8 C.F.R. § 241.1(c))).

period). Shamsuddin became subject to a final order of removal on February 18, 2026, after he filed his Petition. Doc. 13 at 2. Thus, Shamsuddin's detention has not exceeded the presumptively reasonable period, and any claim under § 1231(a) is unripe.

In sum, Shamsuddin's challenges to his detention under § 1225(b)(1) are now moot, and any challenge to his detention under § 1231(a) was not ripe at the time he filed his Petition. Accordingly, I **RECOMMEND** Court **DENY as moot** Respondent's Motion to Dismiss and **DISMISS without prejudice** Shamsuddin's Petition.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Shamsuddin leave to appeal *in forma pauperis*. Though Shamsuddin has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal

v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Shamsuddin *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Respondent's Motion to Dismiss, **DISMISS without prejudice** Shamsuddin's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Shamsuddin leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made herein. Objections not meeting the

specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of August, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA